UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALEJANDRO J. SULETA and ADRIANNE CARROLL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A.; and JOHN DOES 1-10,<br><br>Defendants. | Case No. 5:22-cv-12-KDB-DSC |

## CITIBANK, N.A.'S RESPONSE TO PLAINTIFFS' AMENDED MOTION TO AMEND THE COMPLAINT AND LIFT THE STAY

Defendant Citibank, N.A. ("Citibank") hereby respectfully submits this response to Plaintiffs Alejandro J. Suleta and Adrianne Carroll's ("Plaintiffs") Amended Motion to Amend the Complaint and Lift the Stay (the "Motion"), Dkt. No. 24.

1. On February 3, 2022, Plaintiffs filed the instant class action against Citibank for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Dkt No. 1.

2. On June 6, 2022, Citibank filed a Motion to Stay the case pending resolution of *Christine Head, et al. v. Citibank, N.A.*, No. 3:18-cv-08189-ROS (D. Ariz.) (filed Aug. 15, 2018), another class action against Citibank involving identical allegations that was filed in the U.S. District Court for the District of Arizona three-and-a-half years before Plaintiffs' lawsuit. Dkt. No. 15.

3. On June 14, 2022, the Court entered a scheduling order. Dkt. No. 18.[1]

3. On July 5, 2022, Plaintiffs filed their opposition to the Motion to Stay. Dkt. No.

---
[1] Plaintiffs erroneously contend that Citibank filed its Motion to Stay on July 19, 2022, after the scheduling order was entered. *See* Motion at ¶ 3.

20.

4. On July 25, 2022, the Court granted Citibank's Motion to Stay, concluding that the "actions arise from similar operative facts, and Defendants sufficiently allege there is already a certified class that subsumes Plaintiffs' claims." Dkt. No. 22 at 1.

5. Plaintiffs now seek to amend the operative complaint to withdraw the class claims, convert the case to an individual action, and lift the stay entered by the Court on July 25, 2022. Dkt. No. 24.

6. Citibank has no objection to Plaintiffs' Motion to the extent they seek to withdraw the class claims and convert the case to an individual action. *See* Motion ¶ 8.

7. However, Citibank objects to Plaintiffs' Request to Lift the Stay entered by the Court on July 25, 2022.

8. Plaintiffs are members of the certified class in *Head*, which subsumes their claims in this action, and they have not opted out of that class.

9. Plaintiffs claim they received calls between January 2021 and February 3, 2022 Dkt. No. 1 at ¶¶ 32, 45.

10. As a result, Plaintiffs' claims in this action are subsumed by the certified class in the *Head* matter. Dkt. No. 22 at 1.

11. "Allowing the same issue to be decided more than once wastes litigants' resources and adjudicators' time." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 140 (2015).

12. Plaintiffs assert only the conclusory allegation that they will be "unduly prejudiced" if they are forced to wait for the outcome of the *Head* litigation to prosecute their individual claims, but have failed to set forth any specific prejudice they would suffer or case

law supporting this claim. Furthermore, the Court has already considered and rejected this argument in the July 25, 2022 Order. Dkt. 22.

13. Indeed, as explained in the Motion to Stay, Plaintiffs are not continuing to receive calls and mere delay in obtaining money damages does not constitute sufficient prejudice for purposes of the stay analysis. *See, e.g.*, *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 235 (S.D.N.Y. 2016) (noting that plaintiffs may be able to obtain pre-judgment interest to offset any delay in obtaining a monetary judgment); *Rovi Guides, Inc. v. Comcast Corp.*, No. 1:16-cv-9278, 2017 U.S. Dist. LEXIS 178856 (S.D.N.Y. Oct. 27, 2017); *Doerken v. USAA Savs. Bank*, 16-8824, 2017 U.S. Dist. LEXIS 63474, at *4 (C.D. Cal. Apr. 26, 2017) ("[C]ourts have held that there is no likelihood of damage or harm to the non-moving party merely because a stay could cause a delay to the plaintiff in seeking money damages."); *United States ex rel. Cache Valley Elec. Co. v. Travelers Cas. & Surety Co. of Am.*, No. 13-1120, 2015 U.S. Dist. LEXIS 4614, at *12 (D. Utah Jan. 13, 2015) (noting that "a stay does not work undue hardship or prejudice" against the plaintiff, who may be compensated by such remedies as "monetary damages and interest").

14. While Plaintiffs assert they "intend" on opting out of the *Head* class, Motion at ¶ 20, they have not yet and, as a result, are still subsumed by the certified class in *Head*. Thus, prior to Plaintiffs opting out of the *Head* class, any such attempt to lift the stay is a transparent effort to circumvent the Court's July 25, 2022 Order that will only result in duplicative (and potentially conflicting) litigation.

15. For the reasons set forth herein, Citibank does not oppose Plaintiffs' Motion to the extent they seek to withdraw the class claims and convert the case to an individual action.

3
Case 5:22-cv-00012-KDB-DSC   Document 25   Filed 11/16/22   Page 3 of 5

However, Plaintiffs have failed to demonstrate a sufficient basis to lift the stay in the Court's July 25, 2022 Order and, thus, the request should be denied.

DATED: November 16, 2022

By: */s/ Daniel JT McKenna*
Daniel JT McKenna
Michael J.M. Fausey
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
T: (215) 665-8500
F: (215) 864-8999
mckennad@ballardspahr.com
fauseym@ballardspahr.com

Donald R. Pocock
Nelson Mullins Riley & Scarborough LLP
The Knollwood
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
T: (336) 774-3324
Donald.Pocock@nelsonmullins.com

*Counsel for Defendant, Citibank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and that notice of such filing was made electronically on all counsel of record.

*/s/ Daniel JT McKenna*
Daniel JT McKenna